## A91A1923. TAYLOR v. THE STATE.
(416 SE2d 554)

COOPER, Judge.

Appellant was convicted in a jury trial of armed robbery and appeals the trial court's denial of his motion for new trial.

The evidence adduced at trial shows that on September 2, 1989, at approximately 2:45 p.m., two black males entered a small grocery store and robbed the owner at gunpoint, one with a pistol and the other with a shotgun. The men arrived at the store in a blue Chevrolet with a Clay County, Florida, license plate. After the robbery, appellant's blue Chevrolet with a Clay County, Florida, license plate was found behind the co-defendant's grandmother's residence. The victim testified that she got a good look at the men because their faces were not covered and they stood close to her during the robbery. Two days after the robbery, the victim identified both men in a photographic lineup, and the victim positively identified appellant at trial.

1. In his first three enumerations of error, appellant raises the

general grounds. Reviewing the evidence in the light most favorable to the verdict, we find there was ample evidence from which a rational trier of fact could find appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred in allowing the admission of the photographic lineup into evidence. Appellant maintains that the photographic lineup was impermissibly suggestive because his and the co-defendant's photographs were different from the other pictures in the lineup, having lighter backgrounds and not showing the height designation present on the other pictures in the lineup. " 'Based on the evidence we find nothing which tainted the pre-trial identification by photo spread, and nothing in that identification which would taint (the victim's) in-court identification of appellant. Whether a subsequent in-court identification is tainted depends on all the circumstances of the case. Conviction based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. (Cits.)' [Cit.] Furthermore, '(e)ven if a pre-trial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. (Cit.)' [Cit.] The victim observed appellant at the scene [and] gave a detailed description to the police immediately following the robbery. . . . Thus, the victim's identification had an independent origin other than the photo identification. Therefore, we find no error with the trial court's admission of the photographic identification." *Arnold v. State*, 198 Ga. App. 449 (1) (402 SE2d 69) (1991).

3. Appellant enumerates as error the trial court's denial of his motion for new trial on the ground that he was denied effective assistance of counsel. The alleged deficiency is the failure of appellant's trial counsel to investigate and present an alibi defense. " ' "To prove he has received ineffective assistance of counsel, '(t)he defendant must show both the counsel's performance was deficient and that this deficiency prejudiced the defense.' (Cits.) 'Thus counsel's performance will not be found to be deficient if it falls within the range of "reasonably effective assistance." ' (Cit.)" (Cit.)' [Cit.] ' " "The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' (Cit.) As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. (Cit.)" (Cit.)' [Cit.]" *Powell v. State*, 198 Ga. App. 509, 510 (1) (402 SE2d 108) (1991). Appellant contends that trial counsel neglected to discuss the case with him at sufficient length prior to the trial; that counsel

failed in his examination of appellant's wife at trial to elicit testimony which would have provided an alibi; and that counsel failed to call the wife's aunt and a host of other family members as alibi witnesses. "The determination as to which defense witnesses will be called is a matter of trial strategy and tactics. 'Appellant did not subpoena his trial counsel to appear at the hearing on his motion for new trial. Thus, appellant made no affirmative showing that the purported deficiencies in his trial court's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy.' [Cit.]" *Harris v. State*, 198 Ga. App. 503 (1) (402 SE2d 62) (1991) (reversed on other grounds, 261 Ga. 386 (405 SE2d 482) (1991)). Furthermore, appellant's wife's testimony at the hearing on the motion for new trial, in which she attempted to establish that appellant was with her at the approximate time of the robbery, conflicted with her trial testimony in which she demonstrated that she did not know appellant's whereabouts from the time he left on the morning of the robbery until later that evening. The aunt testified at the hearing that she did not see appellant again after he left on the morning of the robbery, and her testimony as to her knowledge of the events at the approximate time of the robbery conflicted with the wife's trial testimony. The trial record indicates that trial counsel conducted thorough and sifting cross-examinations of the State's witnesses, timely interposed objections, presented evidence on appellant's behalf and made strong arguments to the jury. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.] The trial court's finding in the instant case is not clearly erroneous." *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). Moreover, "there was no showing of a reasonable probability that, but for trial counsel's alleged deficiencies, the result of the proceeding would have been different. [Cit.]" Id. at 873.

4. Appellant also contends the trial court erred in failing to order a new trial based on evidence presented at the hearing on the motion for new trial that one of the jurors slept through the trial. Appellant testified that he thought counsel was aware of the sleeping juror during the trial but admitted that he did not verbally inform counsel of such until after the verdict was read. "Should a juror fall asleep during the course of a trial it is the duty of the trial judge to awaken him. Should counsel or the parties in a trial observe a sleeping juror it is their duty to bring it to the attention of the court. What a litigant may not do is observe a juror sleeping, fail to bring this to the judge's attention at a time when corrective action may be had, take a chance on a favorable verdict, and then when the verdict is unfavorable have a mistrial or new trial because of the otiose juror. [Cits.] . . . [Appellant's] own action denied the court an opportunity to take corrective

measures short of a mistrial or new trial and we hold he is not entitled to relief on this appeal." *Foster v. State*, 255 Ga. 425 (2) (339 SE2d 256) (1986).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 5, 1992.

*David E. Morgan III*, for appellant.
*John C. Pridgen, District Attorney*, for appellee.