### A92A0962. BOOKOUT v. THE STATE.
(423 SE2d 7)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of aggravated sodomy, aggravated child molestation and cruelty to children. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant enumerates the general grounds as to his convictions for aggravated sodomy and aggravated child molestation.

Pursuant to OCGA § 24-3-16, several witnesses testified to statements made to them by the five-year-old victim. These statements attributed to the victim were descriptive of appellant's commission of the acts of aggravated sodomy and aggravated child molestation alleged in the indictment. The State did not call the victim as a witness. However, the victim was available to testify and appellant did not request that the trial court cause the victim to be called as a witness. See *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987).

"By its terms, [OCGA § 24-3-16] allows the prosecution to satisfy its burden of proof under certain circumstances by introducing the alleged victim's hearsay declarations without putting the victim on the stand." *Sosebee v. State*, supra at 299. "The law requires only that the child be available to testify; it does not require the child to corroborate the hearsay testimony. [Cit.]" *Jones v. State*, 200 Ga. App. 103 (407 SE2d 85) (1991). Construing the evidence most strongly against appellant, it was sufficient to authorize a rational trior of fact to find proof of his guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. There was no error in the trial court's admission of "other transactions" evidence. "The rule allowing similar transaction evidence 'has been most liberally extended in the area of sexual offenses,' [cit.]; and this court has held that the 'sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible.' [Cits.]" *Jackson v. State*, 198 Ga. App. 447, 448 (1) (402 SE2d 279) (1991). "[I]n sexually oriented offenses, evidence of prior acts is admissible to show lustful disposition. . . ." *Jones v. State*, 172 Ga. App. 347, 348 (2) (323 SE2d 174) (1984).

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 23, 1992 —

*Charles G. Wright, Jr.*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Michael R. McCarthy, Assistant District Attorney*, for appellee.