A93A1882. McGARITY v. THE STATE.
(440 SE2d 695)

BLACKBURN, Judge.

In a four-count indictment, the appellant, Jack Thomas McGarity, was charged with one count of child molestation, two counts of aggravated child molestation, and one count of cruelty to children, all involving his natural daughter who was four years old at the time of trial. The indictment specified that all of the offenses occurred between November 1, 1986, and January 30, 1990. Following a trial by

jury, McGarity was convicted of child molestation and cruelty to children, and acquitted on both counts of aggravated child molestation. His motion for new trial was subsequently denied by the trial court, and this appeal followed.

The evidence viewed in the light most favorable to the jury's verdict shows that McGarity's convictions were based in part on the testimony of the victim's mother, the victim's preschool teacher, a certified school psychologist, and a licensed social worker, all of whom repeated out-of-court statements made to them by the victim describing several acts of molestation. In the out-of-court statements, the victim indicated that McGarity touched her vagina with his fingers and his penis and that he "pee pees on my tu tu [and] [i]t feels yucky." The mother also testified that she overheard McGarity threaten to beat the child to death if she ever told on him to her mother about anything.

In addition, the state produced the testimony of a detective who investigated the complaints of child abuse made by the mother, a child protective services' investigator, a clinical social worker, and a pediatrician who examined the child on February 2, 1990. During his examination of the victim, the pediatrician found two rectal tears and opined that one of the tears was as recent as two weeks old, while the other tear was six to eight months old. Based upon his physical findings, he concluded that the child had been sexually abused. Although there were no external signs of genital trauma in the victim's vaginal area, the victim's vulva was red and slightly irritated. The physician further noted that the child's vaginal area could have been fondled without any signs of an injury.

The state was also allowed to present evidence of a similar occurrence committed by McGarity on or about November 19 or 20, 1986, during which time period McGarity had been alone with the then two-month-old victim on three separate occasions. An emergency room physician examined the child on November 20, 1986, after the child's grandmother discovered blood and a small tear in her rectal area, opined that this tear was consistent with sexual abuse and was caused by someone forcibly placing a hard object in the child's rectum. Although McGarity had been arrested for the offense, he was never indicted, and the charges against him were ultimately dismissed because law enforcement officials were unable to distinguish him from two other suspects as the perpetrator.

A police officer who investigated the 1986 incident testified that on November 24, 1986, McGarity voluntarily made a statement to him concerning the incident. In the statement, McGarity asked the deputy if he believed that a person could have a split personality and not know what the other personality could have done. When asked if that is what happened, McGarity, after pondering the question, an-

swered no. When asked again if this could have happened to him, he replied that he did not know whether he could have a split personality and not know that his other personality had abused the child. He later stated that, although it was possible, he did not abuse his infant daughter.

The state also presented evidence of another similar occurrence involving McGarity's older daughter, in order to show McGarity's lustful disposition. During this incident, McGarity told his older daughter, who was 11 or 12 at the time of the incident, that he would "suck" her tongue if she stuck it out again at her brother.

Several attempts were made by the prosecutor to have the victim testify. Although the victim took the stand on two occasions, she was unresponsive to the questions posed by the court and the prosecutor. McGarity did not testify at trial but presented several witnesses in support of his defense.

1. Initially, McGarity maintains that the trial court erred in admitting the evidence of a similar transaction which occurred in 1986 and involved the victim herein. Specifically, McGarity asserts that the admission of this evidence was erroneous because the State failed to make a sufficient showing that he was the person that injured the victim in 1986, a necessary requirement under *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). However, this evidence concerned an act of aggravated child molestation against the victim as specified in the indictment which occurred within the time period alleged in the indictment and within the applicable four-year statute of limitation. See OCGA § 17-3-1 (c). "Accordingly, this evidence was evidence of the offense charged, rather than evidence of a similar transaction. . . ." *Robinson v. State*, 202 Ga. App. 576, 577 (1) (415 SE2d 21) (1992). See also *Stell v. State*, 210 Ga. App. 662 (436 SE2d 806) (1993). Consequently, the trial court did not err in admitting this evidence.

2. Next, McGarity contends that the trial court erred in admitting the similar transaction evidence concerning his older daughter, asserting that the incident was not sufficiently similar to warrant admission. However, this court has repeatedly held that " '[t]he sexual abuse of young children, *regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them,* is of sufficient similarity to make the evidence admissible' (emphasis supplied) when the accused is being tried for one or more crimes involving some form of sexual abuse of a child." *Adams v. State*, 208 Ga. App. 29, 32 (430 SE2d 35) (1993). " '[T]he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.' [Cits.]" Id.; see also *Bookout v. State*, 205 Ga. App. 530 (2) (423 SE2d 7) (1992). Accordingly, this enumeration is without merit.

3. We reject McGarity's argument that the trial court failed to properly instruct the jury on the law of circumstantial evidence, as the trial court, without a request, charged the jury as follows: "Evidence may also be used to prove a fact by inference; this is referred to as circumstantial evidence. Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may infer other related or connected facts which are reasonable and justified in the light of your experience." While McGarity asserts that the trial court erred in failing to charge the jury on the law of circumstantial evidence contained in OCGA § 24-4-6, even absent a request, the case sub judice was not based solely on circumstantial evidence. On the contrary, the medical testimony presented by the State was direct evidence of the sexual abuse of the minor. *Jones v. State*, 243 Ga. 584 (1) (255 SE2d 702) (1979). "[W]here there is some direct evidence, it is not error to fail to charge on circumstantial evidence [as contained in OCGA § 24-4-6] absent a written request to charge." (Citations and punctuation omitted.) *Jenkins v. State*, 209 Ga. App. 19, 20 (432 SE2d 270) (1993); *Jones*, supra at 585. See also *Jenkins*, supra. See generally *Mims v. State*, 209 Ga. App. 901 (2) (434 SE2d 832) (1993). Cf. *Henderson v. State*, 200 Ga. App. 200, 201 (2) (407 SE2d 448) (1991).

4. In his fifth enumeration, McGarity maintains that the trial court erred in admitting the hearsay statements of the victim made by several witnesses at trial and erred in failing to strike the testimony of these witnesses because his daughter was not "available to testify" as contemplated in OCGA § 24-3-16. He contends that this error warranted a directed verdict of acquittal in his favor on the child molestation and cruelty to children charges.[1] We disagree.

Under OCGA § 24-3-16, "[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is *available to testify* in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." (Emphasis supplied.) "Of course, a child 'available to testify' in OCGA § 24-3-16 also means one competent to testify under OCGA § 24-9-5. [Cits.]" *Hunnicutt v. State*, 194 Ga. App. 714 (391 SE2d 790) (1990). Accordingly, "OCGA §§ 24-3-16 and 24-9-5 must be construed together." *Bright v. State*, 197 Ga. App. 784, 785 (4) (400 SE2d 18) (1990).

OCGA § 24-9-5 (b), as amended effective April 19, 1989, provides "in [all] cases involving child molestation, and in all other criminal

---

[1] McGarity does not challenge the reliability of the out-of-court statements.

cases in which a child was a victim of or a witness to any crime, any such child shall be competent to testify. . . ." See Ga. L. 1989, p. 1639, § 1. "Since the effective date of OCGA § 24-9-5 (b), out-of-court statements of a victim of child molestation are admissible whenever the victim is available to appear at trial, whether or not the child is capable of understanding the nature of an oath and thus regardless of age or degree of comprehension. [Cit.]" *Bright*, supra at 785.

It is undisputed that the victim was available to appear at trial, and in fact, took the witness stand. Although the indictment in the case sub judice alleged that the offenses occurred between November 1, 1986, and January 30, 1990, the jury could infer from the testimony of the witnesses and the medical evidence that the offenses occurred after April 19, 1989. Consequently, the out-of-court statements were admissible. " '[S]o long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected, even if the witness if uncommunicative or unresponsive.' " Id. See also *Blandburg v. State*, 209 Ga. App. 752 (1) (434 SE2d 510) (1993); *Byrd v. State*, 204 Ga. App. 252 (1) (419 SE2d 111) (1992).

5. We further reject McGarity's argument that the trial court erred in failing to specifically instruct the jury on the credibility of the victim as enunciated by this court in *Bright*, supra, as McGarity failed to request such a charge. "Where there has been no written request to charge, failure to give the charge is not error." (Citations and punctuation omitted.) *Guyton v. State*, 206 Ga. App. 145, 147 (6) (424 SE2d 87) (1992). Moreover, the trial court did charge the jury on the credibility of witnesses and "the charge given covered substantially the same principles." (Citations and punctuation omitted.) *Kennedy v. State*, 205 Ga. App. 152, 156 (5) (421 SE2d 560) (1992).

6. In his seventh enumeration, McGarity asserts the general grounds. Viewing the evidence in the light most favorable to the jury's verdict, including the out-of-court statements of the child describing the acts of molestation, and the medical evidence of sexual abuse, we must conclude that a rational trier of fact could find McGarity guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williamson v. State*, 207 Ga. App. 565 (3) (428 SE2d 628) (1993); *Stokes v. State*, 204 Ga. App. 586 (2) (420 SE2d 84) (1992).

McGarity further argues that there was no evidence to place venue in Cobb County. Under OCGA § 17-2-2 (h), a crime for purposes of venue, "shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." Venue can be proven by direct or circumstantial evidence. *Withman v. State*, 210 Ga. App. 159 (435 SE2d 519) (1993). The circumstantial evidence in the case sub judice was sufficient to permit the jury to find beyond a reasonable doubt that

venue of the crimes charged was in Cobb County while the McGaritys were residents of that county. *Loyd v. State*, 202 Ga. App. 1 (2) (413 SE2d 222) (1991).

7. Lastly, McGarity maintains that he was denied effective assistance at trial and a new trial is warranted. Specifically, McGarity maintains that his trial counsel was deficient based upon the following: failure to prevent the introduction of similar transaction evidence; failure to move for a mistrial and strike the similar transaction evidence after receipt of evidence on the dismissal of the charges; and failure to request charges on circumstantial evidence as contained in OCGA § 24-4-6, the credibility of the victim under *Bright*, and venue. Moreover, McGarity challenges trial counsel's failure to review videotapes of the victim and her therapist which were not introduced at trial and did not reveal any incriminating or exculpatory evidence. He further questions trial counsel's closing argument to the jury, maintaining that the argument was incoherent, and thus, ineffective.

"To secure a reversal of conviction for ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988)." *Stewart v. State*, 262 Ga. 894, 895 (2) (426 SE2d 367) (1993). See also *Jowers v. State*, 260 Ga. 459 (2) (396 SE2d 891) (1990). "The complaining defendant must make both showings." (Citation and punctuation omitted.) *Moody v. State*, 206 Ga. App. 387, 388 (425 SE2d 397) (1992). Moreover, "[t]he defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." (Citations and punctuation omitted.) *Taylor v. State*, 203 Ga. App. 210, 211 (3) (416 SE2d 554) (1992). See also *Davis v. State*, 209 Ga. App. 755 (1) (434 SE2d 752) (1993).

After a thorough examination of the record and transcript in their totality, especially in light of our discussion above, "we find there exists no reasonable probability that the outcome would have been different within the meaning of *Strickland v. Washington*, supra. In particular, we note that the trial defense counsel pursued an aggressive defense which resulted in an acquittal of [two] of the [four] charges against [McGarity]." *Bonds v. State*, 203 Ga. App. 51, 54 (416 SE2d 329) (1992). See also *Crumbley v. State*, 262 Ga. 189 (2) (417 SE2d 151) (1992); *Smith v. State*, 209 Ga. App. 540 (3) (433 SE2d 694) (1993); *Taylor*, supra. While McGarity maintains that the closing argument of counsel was incoherent, counsel's argument was not evidence. *Moody*, supra. Moreover, defense "counsel [are] given wide latitude in closing arguments. . . . This Court will not, with benefit of hindsight, second-guess defense trial strategies in closing arguments." (Citation omitted.) *Allen v. State*, 263 Ga. 60, 62 (428 SE2d 73)

(1993). Accordingly, we find no error warranting reversal.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JANUARY 26, 1994 —
RECONSIDERATION DENIED FEBRUARY 11, 1994 —

*Wallace C. Clayton*, for appellant.

*Thomas J. Charron, District Attorney, Rose Wing, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.