A03A0054. IN THE INTEREST OF K. C., a child.
(574 SE2d 413)

ELDRIDGE, Judge.
Following a full hearing in the Juvenile Court of Carroll County, K. C. appeals his adjudication of delinquency for committing the offense of child molestation, arguing that the trial court erred in allowing the mother and the nurse practitioner who examined the victim to testify as to the victim's out-of-court statements; that the evidence was insufficient to authorize his convictions; and that the trial court erred in denying his motion for directed verdict as a result. Finding no error, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence shows as follows: At the time of the alleged incident the male victim was six years old. The victim's mother testified that around the middle of September 2001, the victim was playing with a friend of the same age. The friend came to the victim's mother and relayed to her some statements the victim had made concerning "touching privates." Based on the friend's statements, the mother questioned the victim privately about what had caused him to make such statements. Upon questioning, the victim became hysterical; he was crying and shaking. The victim relayed to his mother that his next-door neighbor and cousin K. C., who was 13 at the time, had touched him on his "bottom" and had tried to place his penis in his "bottom" while they were playing in the woods. Further, the victim told his mother

---

[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

that K. C. had touched him in such a manner more "than once or twice" and that such conduct had been occurring "for a long time." His mother took the victim to the doctor the next day.

Lori Hudson testified that she is a family nurse practitioner and that as such she examines and treats patients in the doctor's office under a doctor's supervision. Hudson testified that she had examined the victim on numerous occasions. Hudson further testified that on previous visits the victim appeared to be a normal, happy boy. However, on the day in issue, the victim was quiet and appeared confused and embarrassed; "[h]e didn't quite understand." After talking with the victim's mother, Hudson talked with the victim alone. Hudson went on to testify that in response to questioning, the victim would respond by shaking his head yes or no. The victim responded in the affirmative that K. C. had pulled down the victim's pants and looked at his "private parts"; that K. C. had placed his mouth on the victim's "private parts"; and that K. C. had attempted to put his "private part" into the victim's "fanny," i.e., his rectum. The victim stated that K. C. had not been able to penetrate his rectum. When asked if K. C. had hurt him, the victim responded no. Hudson further testified that upon physical examination of the victim, she found no injuries. Hudson did not find such lack of injuries unusual, based on the victim's description of the acts he alleged were committed by K. C.

1. The Child Hearsay Statute provides that

> [a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

OCGA § 24-3-16. A finding of sufficient indicia of reliability is "not a *condition precedent* to the admissibility of the statement; rather, this statutory requirement is met if after both parties have rested, the record contains evidence which would support such a finding." (Citation and punctuation omitted; emphasis in original.) *Medina v. State*, 234 Ga. App. 13, 14 (1) (a) (505 SE2d 558) (1998).

(a)

> In *Gregg v. State*,[2] we set forth certain factors the trial court may consider when deciding if a child's statements provide sufficient indicia of reliability pursuant to OCGA § 24-3-16.

---

[2] 201 Ga. App. 238, 240-241 (3) (b) (411 SE2d 65) (1991).

The factors include, but are not limited to: (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or . . . circumstances surrounding the same, and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements made by the child. These factors are to be applied neither in a mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness. The trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion.

(Footnotes omitted.) *Howard v. State*, 252 Ga. App. 465, 467 (1) (556 SE2d 536) (2001).

In this case, the victim was six years old at the time of the alleged incident. There was no evidence that the victim was forced to make his statements or that he was coached regarding what to say. Further, there was a lack of contact with anyone concerning the incidents until the victim made his initial outcry to his mother. The language the victim used was appropriate for a six-year-old, and his statement to his mother was consistent with the statement he made to the family nurse practitioner. His mother was not present when the family nurse practitioner spoke with the victim. The victim's demeanor during both statements showed he was obviously upset by the acts of molestation. There was no evidence the victim had been exposed to any sexually explicit material; the mother testified that she did not keep pornographic videotapes in her home. Under such circumstances, we do not find as error the trial court's conclusion that the statements contained sufficient indicia of reliability to support their admission.

(b) Further, "if [the] defense counsel had the opportunity to confront and cross-examine the witness who made the out-of-court statement, the statement was admissible. [Cit.]" *Medina v. State*, supra at 15; *Herrington v. State*, 241 Ga. App. 326, 329 (1) (527 SE2d 33) (1999). Here, the victim was available in court. After the state rested

without calling the victim, the trial court reminded defense counsel that the victim was available for cross-examination. Defense counsel elected not to call the victim. "The law requires only that the child be available to testify; it does not require the child to corroborate the hearsay testimony." (Citations and punctuation omitted.) *Bookout v. State*, 205 Ga. App. 530 (1) (423 SE2d 7) (1992). Further, "One cannot complain of a verdict, judgment, order, or ruling that his own trial procedure or conduct aided in causing." (Citation omitted.) *Perryman v. Rosenbaum*, 205 Ga. App. 784, 790 (4) (423 SE2d 673) (1992).

2. There was no error in the trial court's denial of K. C.'s motion for directed verdict.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.

(Citations and punctuation omitted.) *In the Interest of J. M.*, 237 Ga. App. 298 (1) (513 SE2d 742) (1999); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Determining the credibility of witnesses and resolving conflicts [go] to the weight of the evidence and [are] for the jury's consideration. This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citations and punctuation omitted.) *Simmons v. State*, 236 Ga. App. 83, 85-86 (1) (510 SE2d 925) (1999). Having reviewed the evidence in a light most favorable to the verdict, we conclude that the evidence was sufficient to enable a rational trier of fact to find K. C. guilty beyond a reasonable doubt of the delinquent act for which he was convicted. *Jackson v. Virginia*, supra.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

Decided November 14, 2002.

*Hamrick, Drummond & Miller, Kevin W. Drummond*, for appellant.

*Robert A. Kunz*, for appellee.