635 S.E.2d 209 (2006)
In the Interest of Q.F., a child.
No. A06A1257.
Court of Appeals of Georgia.
July 28, 2006.
Edgar Callaway, Covington, for Appellant.
W. Kendall Wynne, Jr., District Attorney, Vanessa Webber, Assistant District Attorney, for Appellee.
MIKELL, Judge.
After a bench hearing, the Juvenile Court of Newton County adjudicated Q.F. delinquent on the charge of child molestation (felony) (OCGA § 16-6-4)[1] and sentenced him to 60 days in a youth development center, which sentence was suspended until the end of the school year. Q.F. appeals, challenging the sufficiency of the evidence. We affirm.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.[2]
The evidence adduced at the hearing showed that L.C., the female victim, testified that on March 15, 2005, she and Q.F. were in the same class at Newton County High School; that on the way to their sixth period class, Q.F. followed her down the steps and then pushed her against the railing as he tried to *210 unbutton her pants; that he unbuckled his belt, pulled out his penis, which was stiff, and tried to rub it on her vagina and make her touch it; that his penis was hard and that he was touching it; that she pulled away and began to cry; that Q.F. asked her to give him a hug twice and she complied because she wanted him to let her go; that he told her to go to class; and that when she arrived at her class, she laid her head down on her desk and cried.
Dennis Humphrey, who was the teacher in L.C.'s sixth period class, recalled that L.C. was 20 minutes late on the day in question; that L.C. cried throughout class; that he escorted her to the office of the ninth grade assistant principal, Christina Sneed; and that when he returned to his classroom, Q.F. was there and presented him with a pass that said he was in the student service center with the counselor.
Sneed testified that after L.C. arrived at her office, five minutes passed before L.C. calmed down enough to talk. L.C. told her and Humphrey that she and Q.F. walked to an area of the school known as the commons area and that Q.F. tried to kiss her and unbuckled his pants; then L.C. began to cry again. Sneed sent someone to look for Q.F., who was not located until Humphrey found him in his class and brought him to the office. In the meantime, L.C. also told Sneed that Q.F. tried to force her to touch his penis and that she ran away. L.C. gave Sneed a written statement.
Sneed reported the incident to the officer who was on duty that day. When she and the officer questioned Q.F., he told them that he had been in his counselor's office and had given his pass to Ms. Bartholomew, who was the assistant teacher in Humphrey's class. However, Bartholomew told them that she did not have a note from the counselor, and the counselor told them that Q.F. had no appointment that day but showed up for a couple of minutes and stood in the doorway. Q.F. also told Sneed that he had signed the sign-in sheet at the front desk in the student service center, but when Sneed reviewed the sheet, Q.F.'s name was not on it. When confronted with the inconsistencies in his story, Q.F. told them that someone had stolen his book bag and that he had been looking for it when his friend, R.B., returned it to him. R.B., however, testified that he gave the book bag to Q.F. earlier that day.
Officer Mandy Poole of the Newton County Sheriff's Office testified that she was assigned to Newton County High School during the pertinent time; that Sneed told her about the incident the day after it happened; and that Sneed reported that she had received similar, although not as detailed, reports about Q.F. from other students. Poole took statements from L.C. and R.P., another victim who had reported an incident in January of that year. After obtaining the statements, Poole attempted to talk to Q.F. and read him his rights, but Q.F. refused to talk to her without his parent or attorney present. Poole filed a complaint against Q.F. and arrested him. R.P. testified that on January 14, 2005, Q.F. exposed his penis to her in class and, on more than one occasion, tried to get her to meet him on the football field.
In his sole enumeration of error, Poole argues that the adjudication of the juvenile court should be set aside because there was no credible evidence that anyone else saw him and L.C. together or that she cried out for help nor was there any physical evidence implicating him. We disagree.
"Determining the credibility of witnesses and resolving conflicts go to the weight of the evidence and are for the jury's consideration. [Moreover,] [t]his Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses."[3] Therefore, any argument that is premised upon attacking the victim's credibility fails in this court. As for Q.F.'s contention that no one else witnessed the incident, "[n]o requirement exists that [the victim's] testimony be corroborated."[4] Therefore, "[t]aking [L.C.'s] testimony as true, as we must, it alone was more than ample to support the *211 finding of guilt."[5] Additionally, the other evidence presented in the case supported L.C.'s testimony regarding the sequence of events, but none of the evidence substantiated Q.F.'s alibi. Accordingly, the evidence was sufficient under the standard set forth in Jackson v. Virginia.[6]
Judgment affirmed.
BLACKBURN, P.J., and ADAMS, J., concur.
NOTES
[1] OCGA § 16-6-4(a) provides that "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Effective July 1, 2006, child molestation is punishable as a misdemeanor if the victim is at least fourteen but not yet sixteen years old and the offender is eighteen or younger and no more than four years older than the victim. See House Bill 1059, Section 11.
[2] (Citations omitted.) In the Interest of K.C., 258 Ga.App. 363, 366(2), 574 S.E.2d 413 (2002). See also In the Interest of E.D.F., 243 Ga.App. 68(1), 532 S.E.2d 424 (2000).
[3] (Citation and punctuation omitted.) In the Interest of K.C., supra.
[4] (Punctuation and footnote omitted.) Collins v. State, 276 Ga.App. 358, 360(2), 623 S.E.2d 192 (2005).
[5] (Citation omitted.) In the Interest of A.H., 259 Ga.App. 608, 610(2), 578 S.E.2d 247 (2003).
[6] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See also Collins, supra (victim's testimony sufficient to authorize the jury to find defendant guilty of child molestation); Dorsey v. State, 265 Ga.App. 404, 405(1), 593 S.E.2d 945 (2004) (testimony of victim alone sufficient to authorize conviction of aggravated child molestation); In the Interest of K.C., supra (testimony of victim, alone, was sufficient to affirm conviction of child molestation).