## FRY *v.* THE STATE.

FISH, C. J. 1. Where there were four counts in an indictment, all charging the commission of the same felony, but in different ways, a general verdict of guilty was not contrary to evidence if any one of the counts was supported by proof, and it was not necessary that the verdict specify upon which count it was rendered. *Stewart* v. *State*, 58 *Ga.* 577; *Dohme* v. *State*, 68 *Ga.* 339. See *Williams* v. *State*, 69 *Ga.* 11 (8).

2. On the trial of the accused under such indictment, it was not error, under the circumstances in evidence, for the court in instructing the jury to call attention to the different counts.

3. Upon the trial of a criminal case, it is not error for the judge to shape his general charge to the jury upon the evidence alone and the law applicable thereto; but he should, at some stage of the charge, appropriately instruct the jury with respect to the prisoner's statement. *Rouse* v. *State*, 136 *Ga.* 356 (5), 363 (71 S. E. 667).

(*a*) In this case the judge fully and correctly charged as to the prisoner's statement to the jury.

4. On the trial of one charged with murder, it was not error for the court to fail to give in charge to the jury the provisions of the Civil Code, § 5732, in regard to what may be considered by the jury in determining where the preponderance of evidence lies. See *Gale* v. *State*, 135 *Ga.* 351 (69 S. E. 537); *Helms* v. *State*, 138 *Ga.* 826 (76 S. E. 353).

5. There was no merit in any of the other grounds of the motion for a new trial, referred to in the brief of counsel for plaintiff in error. The evidence authorized the verdict, and the court did not err in refusing a new trial.    *Judgment affirmed. All the Justices concur.*

JUNE 10, 1914.

Indictment for murder.  Before Judge Mathews.  Bibb superior court.  April 14, 1914.

*Napier, Maynard & Plunkett,* for plaintiff in error.

*Warren Grice, attorney-general,* and *John P. Ross, solicitor-general,* contra.