## GENTRY v. THE STATE.

DUCKWORTH, Chief Justice. 1. Where, as here, the indictment is in two counts each charging the accused with the offense of murder, it is not incumbent upon the court to deal separately with each count in the charge to the jury. See *Fry* v. *State*, 141 *Ga.* 789 (82 S. E. 135); *Nobles* v. *State*, 98 *Ga.* 73 (26 S. E. 64); *Stewart* v. *State*, 58 *Ga.* 577; *Dohme* v. *State*, 68 *Ga.* 339; *Williams* v. *State*, 69 *Ga.* 11 (8); *Berrien* v. *State*, 156 *Ga.* 380 (119 S. E. 380).

2. It is only in cases where the State relies wholly on circumstantial evidence that Code § 38-109 must be charged without request. *Nobles* v. *State*, supra; *Jones* v. *State*, 147 *Ga.* 357 (94 S. E. 248); *Williams* v. *State*, 196 *Ga.* 503 (26 S. E. 2d, 926); *Campbell* v. *State*, 202 *Ga.* 705 (44 S. E. 2d, 903).

3. Where the murder was alleged to have been committed with an automobile upon the highway, and there was evidence that the accused was under the influence of intoxicants, approaching the summit of a hill and a curve, and as to the position on the highway of blood and other evidence of where the deceased was struck, the court did not err in charging Code (Ann.) § 68-303 (Ga. L. 1927, p. 236). Juries have enough intelligence to know when there is no evidence and to understand that this charge does not authorize them to make a finding without evidence. See *Jones* v. *State*, 185 *Ga.* 68 (194 S. E. 216); *Smith* v. *State*, 200 *Ga.* 188 (36 S. E. 2d, 350).

4. The remaining special grounds complain of argument by the solicitor-general that the evidence shows that the accused made improper advances to the deceased and thereby caused her to get out of the car. Anyone seeking the truth would try to discover why she got out of the car. The evidence indicates that she did so for the reason contended by the solicitor-general. The argument was a reasonable deduction from the evidence and should have been allowed. But the court instructed the jury that there was no evidence to that effect, and certainly it was no abuse of discretion to refuse a mistrial. *Georgia Power Co.* v. *Puckett*, 181 *Ga.* 386 (182 S. E. 384); *Smith* v. *State*, 204 *Ga.* 184 (48 S. E. 2d, 860); *Hicks* v. *State*, 196 *Ga.* 671, 673 (27 S. E. 2d, 307). The evidence here renders inapplicable *Berry* v. *State*, 10 *Ga.* 511; *Ivey* v. *State*, 113 *Ga.* 1062 (39 S. E. 423); *Harris* v. *Harris*, 183 *Ga.* 106 (187 S. E. 669); relied upon by the movant.

5. The evidence not only supports the verdict, but it also shows a most brutal and heartless killing of a girl who thought she was going for a pleasant ride.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., who dissents. Head, J., concurs in the judgment only.*

No. 17547. SUBMITTED SEPTEMBER 10, 1951—DECIDED OCTOBER 3, 1951.

*M. G. Hicks, C. C. Pittman,* and *Harbin M. King,* for plaintiff in error.

*Eugene Cook, Attorney-General, Warren Akin, Solicitor-General, Y. A. Henderson, James Maddox, Frank B. Stow* and *H. Grady Simmons, Assistant Attorneys-General,* contra.