### 38296. CROKER v. THE STATE.

TOWNSEND, Judge. 1. While the amount of corroborative extraneous evidence necessary to connect the accused with the commission of the offense lies, where there is any evidence effective for this purpose, peculiarly within the province of the jury, and while slight evidence corroborating the accomplice in *identifying the accused as the perpetrator of the crime* is sufficient under Code § 38-121 (*Mitchell* v. *State,* 202 *Ga.* 247 (3) 42 S. E. 2d 767), nevertheless, the extraneous evidence must, independently of the confession of the alleged accomplice, be sufficient independently of the confession to point to the accused as the guilty party. *Holton* v. *State,* 61 *Ga. App.* 654 (7 S. E. 2d 202); *Middleton* v. *State,* 72 *Ga. App.* 817 (35 S. E. 2d 317); *McCalla* v. *State,* 66 *Ga.* 346; *Dennis* v. *State,* 201 *Ga.* 53 (38 S. E. 2d 832). "The corroborating circumstances necessary to dispense with another witness must be such as go to connect the prisoner with the offense, and . . . it is not sufficient that the witness is corroborated as to the time, place, and circumstances of the transaction, if there be nothing to show any connection of the prisoners therewith, except the statement of the accomplice." *Childers* v. *State,* 52 *Ga.* 106; *Lynch* v. *State,* 158 *Ga.* 261 (123 S. E. 289).

2. The State offered evidence of certain articles which in the opinion of the State's witness constituted burglary tools as a circumstance to show the guilt of this defendant of the charge of the burglary for which he was on trial. Under Code § 26-2701 the crime of possessing such articles is not completed until the intent to use or employ them in the commission of a crime is shown. The evidence in this record is insufficient for this purpose. "When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion but also render less probable all inconsistent conclusions." *Georgia Ry. & Elec. Co. v. Harris*, 1 *Ga. App.* 714 (57 S. E. 1076); *Camp v. Emory University*, 95 *Ga. App.* 442 (98 S. E. 2d 66). Opinion testimony that shotgun shells, two screw drivers, a pair of socks, a center punch, a drift pin, a pair of pliers, a lug wrench, and a wood auger bit, which were found in the defendant's automobile, are articles commonly used as burglary tools, while admissible, creates no inference that they were so used. Each of these articles is also in common and lawful usage.

3. Evidence that the defendant and the alleged accomplice were together in Jacksonville, Florida, for some days ending June 29, 1959, and were together in Moultrie, Georgia, on July 7, 1959 (the burglary having occurred in Valdosta on July 1, 1959) is no evidence either that the defendant was with the accomplice on July 1, or that he assisted in the burglary. The evidence in order to be sufficient to corroborate an accomplice must connect the defendant directly with the crime. *Allen v. State*, 215 *Ga.* 455 (111 S. E. 2d 70). This evidence fails to do so. Also the alleged accomplice did not himself testify on the trial of this case, but officers swore to statements made by him which amounted to a confession on his own part and included the defendant as having been a participant with him in the commission of the burglary.

4. Corroboration of the confession of the alleged accomplice which consisted merely of circumstances that some vehicle had been stuck in the place where the accomplice said his truck was stuck, and a part of a broken tool matching a tool found in the car of the accomplice was found near that

spot merely corroborates the confession of the accomplice that he was a perpetrator of the offense, and thus corroborates the time, manner, and circumstances of the offense. It points to the guilt of the accomplice, but not to the guilt of the defendant. *Childers* v. *State*, 52 *Ga.* 106, supra.

Since none of the evidence adduced tended in any degree whatever to identify the accused as the perpetrator of the crime, there was no sufficient corroboration of the confession of the alleged accomplice, and it was error to overrule the motion for a new trial.

*Judgment reversed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED JUNE 1, 1960.

*Horace E. Campbell, Jr.,* for plaintiff in error.
*Bob Humphreys, Solicitor-General,* contra.