## A91A0629. HENDERSON et al. v. THE STATE.
(407 SE2d 448)

BEASLEY, Judge.

Henderson and Yarbrough, who both appeal, were jointly tried and convicted of having committed aggravated assault on Sandra Edmonds. OCGA § 16-5-21 (a) (2).

Between 3:00 and 4:00 p.m. on the day in question, Ronnie West, Edmonds' brother, drove her to an apartment area so they could buy crack cocaine. They stopped the car where several people were loitering. Yarbrough approached the driver's side and sold some crack cocaine to West. West and Edmonds returned a second time at approximately 8:00 p.m. and bought more cocaine from Yarbrough, but some of it was fake.

West and Edmonds returned again at about 1:00 a.m. By that time, Edmonds had run out of cash and wanted to use a fox coat for the purchase. West asked Yarbrough to take the coat in exchange for cocaine. Yarbrough in turn asked Henderson, who was standing at the side of the car. Henderson refused and stated he needed money. In the meantime, Yarbrough let Edmonds inspect the cocaine then in his possession. She exchanged the fake cocaine she had purchased earlier for the cocaine she had just been given by Yarbrough. As she and her brother were driving away, Yarbrough realized what had happened and yelled, "Stop the car." Henderson walked toward the car as it was being driven away, reached in his pants, and started firing a gun in its direction. Edmonds was hit in the back and sustained serious injuries.

*Yarbrough's Appeal*

1. Yarbrough's first enumeration is that the court erred in denying a directed verdict because the evidence is insufficient to support his conviction as a party to the crime. He argues that even if he was the person identified, which he denied, the statement "stop that car" is too ambiguous to constitute proof beyond a reasonable doubt that the person was directing Henderson to shoot at it.

The evidence authorized the jury to find that Henderson and Yarbrough worked in concert in the repeated sales of cocaine to the victim and her brother.

The jury could have found that he was "concerned in the commission of [the] crime," and thus a party under OCGA § 16-2-20, by reason of the fact that, by way of his verbal command to his companion, Yarbrough intentionally aided or abetted in the commission of the aggravated assault, OCGA § 16-2-20 (b) (3), or that he intentionally advised, encouraged, hired, counseled, or procured Henderson to commit that crime. OCGA § 16-2-20 (b) (4). He took affirmative action. See *Parker v. State*, 190 Ga. App. 126 (378 SE2d 503) (1989),

and cits. It is not, as appellant argues, "just as likely" that Yarbrough's directive was aimed at the driver of the car, as Yarbrough argued to the jury. Cf. *Parker v. State*, 155 Ga. App. 617 (271 SE2d 871) (1980).

The evidence was sufficient to survive a motion for directed verdict, and to authorize a rational trier of fact to find Yarbrough guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also enumerates as error the trial court's failure to instruct the jury, without request, that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6.

A trial judge, even in the absence of a request, must charge the jury on the law set forth in this Code section in those cases, which are wholly dependent on circumstantial evidence, *Jones v. State*, 193 Ga. App. 837 (389 SE2d 402) (1989), although it has been held that even in a case wholly dependent on circumstantial evidence, the trial court's failure to give such a charge in the absence of a request is not reversible error, if from the proven facts only one reasonable hypothesis exists. *Stoker v. State*, 177 Ga. App. 94 (1) (338 SE2d 525) (1985), and cits.

Appellant argues that the ambiguity of the statement "stop that car" renders this a case wholly dependent on circumstantial evidence. To the contrary, there was direct evidence that Yarbrough uttered the statement "stop that car," and there was direct eyewitness identification of Yarbrough. The trial court did not err in failing to volunteer the jury charge.

### Henderson's Appeal

3. Henderson enumerates error in the trial court's refusal to suppress the identification testimony of the victim. He argues that the victim's pre-trial photographic identification of him was impermissibly suggestive, thereby giving rise to a substantial likelihood of in-court misidentification. *Towns v. State*, 136 Ga. App. 467 (1) (221 SE2d 631) (1975). He also contends that the photo spread was shown to the victim under circumstances which made her identification unreliable as a matter of law.

The police interviewed Ronnie West shortly after the shooting, and he gave a detailed description of the man who had shot his sister. The police then went to the hospital and obtained a description of the suspects from the victim. Afterward, the police went to the area of the shooting, interviewed a number of people, and arrested Yarbrough and Henderson, who fit the descriptions given them.

Two days later the police returned to the hospital and showed the victim two photographic arrays, one with Yarbrough in it and one with Henderson in it. She was on medication and intravenous feeding, was in pain, and had been using crack cocaine. Although the victim was unable to identify Yarbrough, she identified Henderson as being the individual who shot her. The police officer testified that the photographs used in the display were selected based on the similarity of the features of the men photographed. When the victim went to the preliminary hearing, Henderson and other prisoners were sitting in the jury box. When asked whether she could identify the individual who had shot her, she unhesitatingly pointed at Henderson, and she similarly identified him at trial.

After reviewing the portions of the transcript cited by Henderson, as well as the original photo array entered as six exhibits, we hold that the trial court was authorized to conclude that the array was not impermissibly suggestive, and the manner of their presentation did not render the procedure an invalid one. See generally Daniel, Ga. Crim. Trial Prac. (1990 ed.), § 6-6.

The trial court did not err in denying Henderson's pretrial motion to suppress the victim's identification testimony.

4. Henderson also complains of the trial court's refusal to allow him to present expert testimony as to the effect of crack cocaine on the perceptive and recall faculties of an individual later giving eyewitness identification testimony.

The witness was a substance abuse counselor who treated recovering alcoholics and drug addicts. She was employed at one of the state recovery centers, was working towards certification as an addiction counselor, and had been involved with "hundreds" of alcohol and cocaine addicts. Henderson offered her testimony as to complaints made by crack addicts in regard to lack of memory and hallucinations, although she had not interviewed Edmonds or her brother or reviewed their drug-use histories, medical or otherwise. The trial court ruled that she was not qualified as an expert.

The law generally disallows expert testimony regarding inaccuracies in eyewitness identification. See Norris v. State, 258 Ga. 889 (1) (376 SE2d 653) (1989), and cits. In this case, the trial court ruled that the witness was not even an expert on that subject. "Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed. [Cit.]" Hogan v. Olivera, 141 Ga. App. 399, 401 (1c) (233 SE2d 428) (1977). We find no abuse of discretion.

5. Henderson enumerates as error the trial court's denial of his motion for new trial. Since this enumeration of error is not supported by argument or citation of authority, it is deemed abandoned. Rowell v. State, 176 Ga. App. 309 (1) (335 SE2d 689) (1985).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 26, 1991.

Dwight L. Thomas, Henry C. Johnson, Jr., for appellants.
Lewis R. Slaton, District Attorney, Rebecca A. Keel, Joseph J. Drolet, Kenneth D. Feldman, Assistant District Attorneys, for appellee.