## A93A0914. JENKINS v. THE STATE.
(432 SE2d 270)

Beasley, Presiding Judge.

Jenkins was convicted of possession of cocaine with intent to distribute and sentenced as a recidivist. OCGA § 16-13-30 (b). His motion for a new trial was denied.

The evidence, construed to favor the verdict, showed that two Savannah police officers were on patrol in plainclothes in an unmarked car when they observed a group of men standing on a street corner. When the officers slowed the car, the group began to disperse. Most of the group headed north, but Corporal Walker noticed one of the men (Jenkins) heading south holding what appeared to be an open bottle of beer, which violated the city's open container ordinance. Walker stepped out of the car and approached him. Jenkins threw down the bottle and fled. Having confirmed that it was a beer bottle that the runner had discarded, Walker took chase shouting "Police officer! Stop! Police officer!" Jenkins continued to run. He tripped over a rope fencing off a garden, and Walker observed a plastic bag containing a white substance fall from his person. Jenkins immediately retrieved the bag and continued running. As Walker caught up with him, Jen-

kins crossed the street, climbed a low fence, and fell into some bushes, where Walker struggled with him.

While Walker was chasing Jenkins on foot, Officer Busby turned the car and followed. He observed a white object fall from Jenkins' person as he climbed over the fence. Busby left the car, picked up the bag Jenkins had dropped, and helped Walker handcuff him. Walker looked at the bag Busby had retrieved and recognized it, from the way it was packaged, as the same bag he had observed Jenkins drop and retrieve when he had tripped over the rope earlier.

Five hundred seventy two dollars were found on Jenkins' person during a search at the scene. Busby field-tested the substance in the bag, which proved positive for cocaine. He delivered the bag to the crime lab, which found the 41 rocks in the bag to be ten grams of cocaine.

Jenkins testified he was carrying the cash because he owed money on a furniture bill. He had intended to pay as much as he could that day but had spent most of the afternoon and evening with his grandmother, who had called and asked if he could arrange for the repair of two windows that had been broken. He denied being associated with the group on the street corner and possessing drugs or a beer. He testified that he ran because he did not know Walker was an officer and was afraid because of the large amount of cash he was carrying.

His grandmother testified that he did repair her window that day, but stayed only about an hour and a half.

In his sole enumeration of error, Jenkins contends the trial court gave an incomplete charge on circumstantial evidence in that, despite his admitted failure to request it, the court did not charge the jury on OCGA § 24-4-6. This statute provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Compare Suggested Pattern Jury Instructions, Vol. II, Criminal Cases (2d ed.), p. 12.

In the charge, the court defined direct and circumstantial evidence and reasonable doubt and instructed the jury fully on the presumption of innocence and the State's burden of proving every element of the crime and every material allegation of the indictment beyond a reasonable doubt.

"Where the case against the defendant is close or doubtful and is composed solely of circumstantial evidence, it is reversible error for a trial court to fail to charge [this statute]," *Jones v. State*, 243 Ga. 584, 585 (1) (255 SE2d 702) (1979), even absent a request. However, where the case is neither close nor doubtful, or "[w]here there is some direct evidence, it is not error to fail to charge on circumstantial evidence absent a written request to charge. [Cits.]" Id. There having

been no request, *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), which held that a charge on circumstantial evidence must be given *on request* where the State's case depends, in whole or in part, on circumstantial evidence, does not apply.

Regardless of whether the case against Jenkins was close or doubtful, it is clear that direct, as well as circumstantial, evidence was presented: two officers testified they saw him drop a bag that later proved to contain 41 rocks of crack cocaine. It was not error for the court to fail to charge the jury on OCGA § 24-4-6.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED JUNE 10, 1993.

*M. Ross Becton, Jr.*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon C. Hope, Assistant District Attorney*, for appellee.