## A94A1453. DUNAWAY v. THE STATE.
(447 SE2d 153)

POPE, Chief Judge.

Defendant was convicted by a jury of burglary.

The State presented evidence that William Frank Moore, the

owner of an old barn in which antiques were stored, noticed one morning that someone had broken into the barn and moved some furniture near a door. Moore returned that night and hid in a nearby building from which he could view the barn. Although Moore saw nothing all night, at approximately 6:00 the next morning he saw defendant drive up and go around the back of the barn in his pickup truck. Moore waited a few minutes and then went behind the barn, where he saw defendant standing by the tailgate of his truck, facing away from him. Moore said the truck was near the building and defendant appeared to be trying to lower the tailgate. Moore noted, however, that the tailgate was not positioned near the door to the barn.

Moore, who was holding a pistol, told defendant to "Hold it right there, fellow." Defendant ran to the door of his truck and got in, at which point Moore started shooting at him. Defendant drove off and the shots continued, but defendant was apparently not hit. Defendant's truck ran into a nearby ditch, however, and the police were able to trace him from his vehicle.

When an investigator from the Columbia County Sheriff's Department arrived, Moore went into the barn with him. There they found a plumber's hammer and an electric screwdriver which were not Moore's and were not there when Moore was at the barn on Saturday. The investigator testified that the tools were expensive, but not unique.

At the investigator's request, defendant went to the sheriff's office to be interviewed. Prior to or during the interview, the investigator had the tools found in the barn placed in defendant's truck. The investigator then took defendant outside to his truck and asked defendant if various items in the truck, including the tools, were his. Defendant answered yes.

Defendant testified at trial that he was driving along the road and pulled in behind the barn to urinate and put water in his radiator. He explained that he was handcuffed and upset when he was asked about the tools in his truck and was simply saying yes, everything in his truck was his. Defendant stated that he had tools similar to those the investigator found in the barn and placed in his truck, but his were marked with his initials and/or social security number; defendant presented these similar tools as evidence at trial.

1. Defendant argues that the trial court erred in denying his written request to charge the jury on when a conviction may be had on circumstantial evidence. See OCGA § 24-4-6. We agree. Whenever the State introduces circumstantial evidence of a defendant's guilt, OCGA § 24-4-6 must be charged if the defendant requests it. *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994). See also *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991) (charge must be given upon re-

quest if State's case depends on circumstantial evidence).

Moreover, we cannot say this error is harmless because the evidence against defendant was not overwhelming. Compare *Johnson v. State*, 210 Ga. App. 99 (1) (435 SE2d 458) (1993). Defendant presented an alternative hypothesis to explain his presence at the barn as well as a plausible explanation for his identification of the tools as his own. Accordingly, the judgment below must be reversed.

2. Defendant's remaining enumerations of error are without merit.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED JULY 26, 1994.

*Peter D. Johnson*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, William C. Davison, Assistant District Attorneys*, for appellee.