A94A1033. BROWN v. THE STATE.
(448 SE2d 259)

Judge Harold R. Banke.
The appellant, Lloyd Brown, was convicted of three counts of child molestation. On appeal, he contends that the evidence was in-

sufficient to support his conviction, and that the trial court erred in failing to give a comprehensive charge on circumstantial evidence.

1. The State alleged that between August 29, 1987, and November 1, 1989, the appellant committed three specified acts of child molestation upon his stepdaughter, who was four years old at the time of the first offense. The trial testimony and out-of-court statements of the victim graphically described the acts performed by the appellant, including touching her genital area with his hand and penis and sticking his finger up her anus. The State further adduced corroborating testimony from close relatives of the victim, as well as expert testimony of her pediatrician, an investigator with the Department of Family & Children Services who interviewed her, a clinical psychologist and the director of a clinic for sexually abused children where the victim was evaluated and treated.

Viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offenses as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in failing to charge the jury on the quantum of proof necessary for conviction by circumstantial evidence, even without a written request for such a charge. In *Robinson v. State*, 261 Ga. 698, 699-700 (410 SE2d 116) (1991), the Supreme Court held that where the State's case depends in whole or in part on circumstantial evidence, a charge on the law of circumstantial evidence as set forth in OCGA § 24-4-6 must be given, whether or not the direct evidence presented by witness testimony has been impeached, if such a charge is requested. See also *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994).

In the instant case, the trial court defined circumstantial evidence in its jury instructions, but omitted a charge on the quantum of proof necessary to convict with circumstantial evidence after defense counsel withdrew a request for such an instruction. The appellant now contends that inasmuch as only circumstantial evidence was presented in regard to the essential element of his "intent to arouse or satisfy the sexual desires of either the child or the person," the trial court was obligated to charge the jury fully on circumstantial evidence even without a request.

However, the testimony and out-of-court statements of the victim provided some direct evidence of the appellant's intent to arouse or satisfy his own sexual desires. It follows that it was not error to fail to charge fully on circumstantial evidence, absent a proper request for such. *Jenkins v. State*, 209 Ga. App. 19 (432 SE2d 270) (1993).

*Judgment affirmed. Birdsong, P. J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED AUGUST 22, 1994.

*Albert A. Myers III*, for appellant.
*Cheryl F. Custer, District Attorney, Richard R. Read, Assistant District Attorney*, for appellee.