A94A1799. YARN v. THE STATE.
(452 SE2d 537)

POPE, Chief Judge.

Yarn was charged with the sale of cocaine and possession of cocaine with the intent to distribute in violation of the Georgia Controlled Substances Act. He was tried and convicted and appeals.

Viewing the evidence in the light most favorable to the verdict, it shows that on June 10 and 11, 1992, the Gwinnett County Police Department conducted an investigation into prostitution at the Apartment Inn in Norcross. Gwinnett County Investigator Moore testified that on June 11, 1992, he made three arrests for prostitution. He then enlisted the cooperation of the prostitutes in a narcotics investigation.

Detective Diaz, a narcotics investigator, met with the prostitutes in room 117 at the Apartment Inn after they agreed to cooperate. As part of the operation, one of the prostitutes paged a man known as "Mark," who called back and agreed to come to that room later that night to sell her $250 of crack cocaine. Diaz was to remain in the room with the prostitutes and purchase the crack cocaine with county funds. Another police officer was positioned in a back room. Moore remained in the parking lot to watch for the suspect's vehicle and secure it if someone else came with "Mark."

At about midnight, Moore saw a vehicle pull into the parking lot of the Apartment Inn, and back into a parking space about four spaces away from room 117. He observed a man, later identified as

Mark Jackson, exit the passenger side of the vehicle and approach room 117. The other man, later identified as Yarn, remained in the vehicle with the engine running. Moore testified that the fact that Yarn backed the vehicle into the space aroused his suspicions.

Jackson entered the room and the prostitute introduced him to her "friend," Diaz, who was to purchase the drugs. Jackson produced nine clear plastic bags containing a white, chunky substance. Jackson told Diaz that he had put the packet of drugs in his mouth on the way to the motel so that if he got stopped by police, he could swallow the drugs. Diaz stated that the amount of cocaine which Jackson put in his mouth would have made speaking difficult.

Jackson instructed Diaz to select five "nickel" or $50 chunks from those in the bag. Diaz selected five chunks and gave the county funds to Jackson. Jackson then offered to sell the remaining chunks to Diaz. Evidence at trial was that the weight of the bags was 2.7 grams.

At this point, Diaz gave a pre-arranged signal and Jackson was arrested. At the same time, Moore approached Yarn in the parking lot and arrested him.

Diaz then questioned Yarn and informed him that he was being arrested as a party to the crime of selling cocaine and for possession of cocaine with intent to distribute.

According to Moore, after being arrested, Yarn stated that Jackson had asked him to bring him to the Apartment Inn "for a delivery" in exchange for gas, food, or cigarettes. Moore stated that Yarn was very calm after his arrest and that this fact aroused his suspicion. Diaz testified that Yarn understood the reason for his arrest. Diaz stated that he asked Yarn what his involvement in the incident was and that Yarn stated that Jackson asked him "to give him a ride." Diaz testified that Yarn said that he knew Jackson's purpose in going to the Apartment Inn, although Yarn did not tell Diaz what this purpose was.

At trial, Jackson, who pled guilty to the charges, testified that Yarn was unaware that he was taking drugs to the Apartment Inn. Jackson stated that he told Yarn only that he was going to see a girl at the Apartment Inn in exchange for gas and cigarettes. Yarn's defense was that he knew nothing regarding the drug transaction and that he believed that he was taking Jackson to meet a girl.

1. In his first enumeration of error, Yarn argues that the evidence was insufficient to support the verdict and that the denials of his motions for directed verdict were erroneous. We disagree. We find that a rational trier of fact could find from the evidence adduced at trial proof of his guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, Yarn contends that the

court erred in failing to charge on the principles of OCGA § 24-4-6. That section provides that in order to convict on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of Yarn's guilt. Yarn argues that his sole defense was that the circumstantial evidence was insufficient to convict, and that the jury should have been charged in this regard.

Although the record indicates that Yarn requested certain instructions of the court, such requests are not included in the record. Moreover, there is no transcript of the charge conference. In the absence of any evidence to the contrary, we assume that no request for this particular charge was made.

Even when no request for a charge based on OCGA § 24-4-6 is made, the trial court must give the charge if the case against the defendant is composed solely of circumstantial evidence. See *Williams v. State*, 239 Ga. 12 (2) (235 SE2d 504) (1977); *Gentry v. State*, 208 Ga. 370 (2) (66 SE2d 913) (1951); *Henderson v. State*, 200 Ga. App. 200 (2) (407 SE2d 448) (1991). Contrary to Yarn's contention, however, the evidence of Yarn's guilt is *not* wholly circumstantial. Officer Moore saw Yarn drive his co-defendant to the hotel where the sale of drugs took place. While proof of Yarn's knowledge and intent is necessarily circumstantial, Officer Moore's testimony is direct evidence that Yarn committed acts making him a party to the crime. Accordingly, Yarn's failure to show he requested the charge is fatal to his argument.

3. In a separate concurrence, Judge Andrews suggests that *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991) changed the long-standing rule that where the case against the defendant is composed *solely* of circumstantial evidence, it is error to fail to charge the jury on OCGA § 24-4-6 even absent a request. See *Hamilton v. State*, 96 Ga. 301 (22 SE 528) (1895). He notes that *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994) reiterates the rule of *Robinson* that " 'where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request.' " However, he omits the sentence immediately preceding this quote: "In *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), we intended to establish a bright-line rule with regard to the trial court's duty to charge the jury *in circumstances where the case includes both direct and circumstantial evidence and the defendant has requested a charge on circumstantial evidence*." (Emphasis supplied.) *Mims*, 264 Ga. at 271.

In both *Robinson* and *Mims* the defendants *did* request the circumstantial evidence charge. That was the only situation before the Court, and that was the only situation addressed in its holding. What we have are two different rules governing two separate situations: one

governs when the trial court must instruct the jury on OCGA § 24-4-6 if it is requested, and one governs when it must do so even without a request. If the instruction is requested, it must be given if the State relies to any degree on circumstantial evidence; but if the charge is not requested, it must be given only if the State's case depends solely on circumstantial evidence. As these rules are in no way inconsistent, the Supreme Court's statement of the former rule in no way implicitly overrules the latter. And if the Court had intended to overrule such a longstanding rule, surely it would have done so more clearly.

Notably, this is the first suggestion that a 1991 case changed a rule which comes up fairly frequently. Indeed, we have assumed on several occasions since *Robinson* that the OCGA § 24-4-6 charge must always be given if the case against a defendant is wholly circumstantial. See, e.g., *McGarity v. State*, 212 Ga. App. 17 (3) (440 SE2d 695) (1994); *McChargue v. State*, 209 Ga. App. 612 (434 SE2d 153) (1993); *Jenkins v. State*, 209 Ga. App. 19, 20 (432 SE2d 270) (1993).

4. We take this opportunity to express our belief that the Georgia legislature, judiciary and bar should seriously consider abolishing the distinction in treatment between direct and indirect or circumstantial evidence. No greater degree of mental conviction is required to base a conviction on circumstantial evidence than on direct evidence: the State has the burden of proving its case beyond a reasonable doubt, regardless of the type of evidence it uses. See *White v. State*, 210 Ga. 708 (1) (82 SE2d 498) (1954). We do not believe the instruction based on OCGA § 24-4-6 adds to that burden or helps to clarify it for the jury. "Instructions to the jurors seeking to differentiate between 'direct' and 'circumstantial' lines of proof are not helpful." I Weinstein's Evidence, § 401 [09] at p. 401-64. We should therefore consider eliminating such instructions, as the federal courts have done. See I Federal Jury Practice & Instructions, § 12.04, pp. 337-344 (4th ed.). In the meantime, however, a trial court must give the charge based on OCGA § 24-4-6 absent a request if the case against the defendant is wholly circumstantial, and must give the charge upon request if the case relies to any degree upon circumstantial evidence.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur. Beasley, P. J., concurs and concurs specially. Birdsong, P. J., concurs in judgment only. Andrews, Johnson and Smith, JJ., concur specially. Ruffin, J., dissents.*

BEASLEY, Presiding Judge, concurring specially.

I agree with Chief Judge Pope except as follows. First, *McChargue v. State*, 209 Ga. App. 612 (434 SE2d 153) (1993), should be overruled. I stand by the dissent in that case. Second, the distinction in treatment between direct and circumstantial evidence should not be abolished. However, charging the jury in the language of

OCGA § 24-4-6 should be abolished. See the reasons therefor in *Roura v. State*, 214 Ga. App. 43 (447 SE2d 52) (1994).

ANDREWS, Judge, concurring specially.

I concur with Division 2 for the following reasons. In *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994), the Supreme Court reiterated the bright-line rule from *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), with regard to the trial court's duty to charge the jury regarding circumstantial evidence. That rule is that "where the state's case depends, *in whole* or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given *on request*. This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." (Emphasis supplied.) *Robinson*, supra at 699-700.

The Supreme Court's analysis in *Mims* recognized the difficulty of determining whether the evidence a jury will consider in reaching its verdict will be direct or circumstantial. *Mims* stressed the importance of the *Robinson* bright-line test in that it eliminated the speculative procedure of evaluating the significance of the circumstantial evidence to the case.

Here, we are faced with the applicability of the *Robinson* bright-line test in a case which the defendant argues depends wholly on circumstantial evidence and in which no charge on circumstantial evidence was requested. Compare *Barner v. State*, 263 Ga. 365 (1) (434 SE2d 484) (1993). *Robinson* and its progeny have obviated the need for discerning whether the case depends in whole or in part on circumstantial evidence and mandate that in cases which contain circumstantial evidence, *upon request*, the OCGA § 24-4-6 charge must be given. Conversely, there is no requirement that the charge be given absent a request.

As *Mims* demonstrated, *Robinson* intended to eliminate the analysis of whether a case depends in whole or in part on circumstantial evidence. This analysis was eliminated because it is fraught with difficulties. Because of the complexity of determining when a case depends on circumstantial evidence, *Robinson*'s bright-line rule applies even in a case which is *wholly* dependent on circumstantial evidence.

Prior to *Robinson*, the law was that "[a] trial judge, even in the absence of a request, must charge the jury on the law set forth in [OCGA § 24-4-6] in those cases, which are *wholly dependent* on circumstantial evidence." (Emphasis supplied.) *Henderson v. State*, 200 Ga. App. 200, 201 (2) (407 SE2d 448) (1991). Because *Robinson* eliminated the analysis of determining which cases are "wholly dependent" on circumstantial evidence, that rule is no longer applicable. By eliminating the procedure of evaluating whether cases depend in whole or in part on circumstantial evidence, *Robinson* implicitly overruled the

cases based on this distinction. See *Gentry v. State,* 208 Ga. 370 (2) (66 SE2d 913) (1951); *Campbell v. State,* 202 Ga. 705 (3) (44 SE2d 903) (1947); *Germany v. State,* 235 Ga. 836 (2) (221 SE2d 817) (1976); *Stoker v. State,* 177 Ga. App. 94 (1) (338 SE2d 525) (1985). To the extent that post-*Robinson* cases continue to recognize this distinction, they too should be overruled. See *McChargue v. State,* 209 Ga. App. 612, 613 (434 SE2d 153) (1993).

I am authorized to state that Judge Johnson and Judge Smith join in this special concurrence.

RUFFIN, Judge, dissenting.

At the outset I must state that I agree with the majority to the extent it disagrees that *Robinson v. State,* 261 Ga. 698 (410 SE2d 116) (1991) changed the longstanding rule that where the case against the defendant is composed *solely* of circumstantial evidence, it is error to fail to charge the jury on OCGA § 24-4-6, even in the absence of a request to do so. Like Chief Judge Pope, I believe that if the court had intended to overrule such a longstanding rule, it surely would have done so with unmistakable clarity.

I disagree with the majority with respect to its contention that there was direct evidence that Yarn sold and possessed cocaine. Evidence that Yarn drove another individual to the motel is not direct evidence of either charge. The State concedes its only "direct" evidence is Yarn's statement that he knew what was going on (i.e., he knew that he was going to get gas and cigarettes in exchange for providing transportation). Such is hardly direct evidence of either charge. This obvious point is further underscored by the trial court's skepticism and extended questioning on the issue, particularly when the court asked the State how it "had proved that this man had anything to do with this crime" during Yarn's motion for a directed verdict. For these reasons, I believe the charge should have been given and the conviction reversed. Accordingly, I dissent.

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994 — 

*George L. Kimel, Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer,* for appellant.

*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney,* for appellee.