## A94A1767. STUBBS v. THE STATE.
(452 SE2d 571)

PER CURIAM.

Appellant, Freddie Stubbs, was convicted of burglary, possession of tools for the commission of a crime and a misdemeanor traffic charge of operating a vehicle with an improper tag and appeals from that judgment.

The evidence showed that at approximately 6:00 a.m., a police officer on patrol noticed a parked car approximately 50 feet away from a furniture store. The police officer testified he saw a man standing beside the car holding a television set. When the officer approached the parked car, the man put the television down and ran away. The officer did not pursue the fleeing man (later identified as Bryant), but approached the parked car and asked Stubbs to get out. Shortly thereafter, the burglar alarm from the furniture store sounded. The officer found a metal bar and a padlock with pry marks on it in the back of Stubbs's car. The owner of the furniture store testified that the padlock was the one used to lock the store's door

and identified the television as having come from her store.

Stubbs testified that he had been out all night drinking and playing cards and the combination of alcohol and his prescription medication made him feel sick as he was driving home. He therefore pulled over to get himself together and had a small blackout. He was awakened by Bryant knocking on the windows of his car asking if he was all right. Stubbs testified that Bryant told him he was trying to get into a boarding room for a week and that he had a television he could sell. Bryant then walked towards the building to get the television, and when he returned with it, the police officer drove up. Stubbs stated that when the officer approached, Bryant threw something into the back of his car and ran off down the street.

1. Stubbs contends the trial court erred, even in the absence of a request, in failing to charge the jury on the law of circumstantial evidence as required by OCGA § 24-4-6. That Code section provides that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." For the reasons set forth in the opinions below, we reject Stubbs's argument.

2. In his second enumeration of error, Stubbs claims that the trial court erred in submitting the case to the jury since the evidence presented was not sufficient to authorize conviction. The standard of reviewing the denial of a motion for directed verdict is that from *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Harvey v. State*, 212 Ga. App. 632, 634 (2) (442 SE2d 478) (1994). Here, we find that a rational trier of fact could find from the evidence adduced at trial proof of Stubbs's guilt beyond a reasonable doubt.

*Judgment affirmed. Birdsong, P. J., Beasley, P. J., Andrews, Johnson and Smith, JJ., concur specially. Pope, C. J., McMurray, P. J., and Blackburn, J., concur in part and dissent in part. Ruffin, J., dissents.*

BIRDSONG, Presiding Judge, concurring specially.

Because appellant failed to request the trial court to give a specific instruction to the jury utilizing the statutory language of OCGA § 24-4-6, and because the trial court did give detailed instructions defining, inter alia, circumstantial evidence, properly placing the burden of proof on the State, and charging that mere presence at the crime scene was insufficient to support conviction, I would affirm.

The time has come to clarify this area of the law in a manner compatible with the recent holdings of the Supreme Court of Georgia in *Mims v. State*, 264 Ga. 271 (443 SE2d 845) and *Robinson v. State*, 261 Ga. 698 (410 SE2d 116). In *Mims*, supra at 272, the Supreme Court held: "Since a jury could consider circumstantial evidence in

every instance where it has been introduced, *upon request,* the trial court *must* give the charge so that the jury will be familiar with how to weigh that circumstantial evidence." (First emphasis supplied.) In *Dunaway v. State,* 214 Ga. App. 128, 129 (1) (447 SE2d 153), it was further clarified that "[w]henever the State introduces circumstantial evidence of a defendant's guilt, OCGA § 24-4-6 must be charged *if the defendant requests it.*" (Emphasis supplied.) The only reasonable legal corollary to this rule is that *it is not error to fail to give an OCGA § 24-4-6 charge in the absence of a timely request to do so.* Compare *Brown v. State,* 214 Ga. App. 481, 482 (2) (448 SE2d 259) (physical precedent only), citing *Jenkins v. State,* 209 Ga. App. 19 (432 SE2d 270).

The rule of *Mims,* supra, and *Dunaway,* supra, should be construed as follows: Whenever the State introduces circumstantial evidence of the defendant's guilt, it is error not to give an OCGA § 24-4-6 charge if such has been timely requested; however, it is not error to fail to give an OCGA § 24-4-6 charge in the absence of a timely request where, as here (as clearly established in fact recitation of the majority's opinion), the State's case depends both upon direct and circumstantial evidence. This is not a case where the State's evidence was solely circumstantial. It is well-established that, even absent a request to charge, where the case against the defendant is doubtful *and* is composed *solely* of circumstantial evidence, it is reversible error for a trial court not to charge substantially in the statutory language of OCGA § 24-4-6. *Jenkins v. State,* supra at 20.

Whether a particular charging error would be harmless, of course, would depend upon the circumstances of the case then under consideration in light of existing law pertaining to the doctrine of harmless error.

In *Croker v. State,* 101 Ga. App. 742 (115 SE2d 413), the facts are distinguishable, as there was only opinion evidence offered that certain items found in the automobile were items commonly used as burglary tools. In this case, the arresting officer personally observed in the car not only a bar with pry marks on it but also a lock, which was later identified as coming from the burglarized premises. Secondly, neither *Hogan v. Atkins,* 224 Ga. 358 (162 SE2d 395), nor *Croker,* supra, expressly address the legal issue here before us. It is well established that questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedent. *Gordy Tire Co. v. Dayton Rubber Co.,* 216 Ga. 83, 89 (1) (114 SE2d 529); *Chives v. State,* 214 Ga. App. 786, 788 (449 SE2d 152). Thus, *Croker,* supra, does not constitute binding precedent for the proposition that an instruction as to the statutory language of OCGA § 24-4-6 must be given in the absence of a timely and specific request for such charge.

Incidentally, although *Croker*, supra, was decided over 34 years ago, it has never been cited previously as authority by any appellate court of this state.

As the record reveals that appellant failed to tender a timely request for a charge in the statutory language of OCGA § 24-4-6, I would find that no charging error has occurred as enumerated. Accordingly, there exists no need to determine whether appellant failed to present a reasonable hypothesis save that of his guilt, thereby rendering any charging error harmless, by his testimony that a fleeing stranger who apparently had just committed the burglary threw the metal bar and padlock into the back seat of his car.

BEASLEY, Presiding Judge, concurring specially.

1. I concur in the judgment because it was not reversible error for the court to omit charging the language of OCGA § 24-4-6, which was not requested by defendant. Charging such language should be abolished. See the reasons therefor in *Roura v. State*, 214 Ga. App. 43 (447 SE2d 52) (1994).

The court charged on the definitions of direct and circumstantial evidence and that the weight of either is a question for the jury. The court fully instructed the jury on burden of proof, presumption of innocence, reasonable doubt, the essential elements of the crimes, and other usual instructions. The omission of OCGA § 24-4-6 was not prejudicial.

2. The dissent states that OCGA § 16-7-20 requires direct proof of "*intent* to use the tools in the commission of a crime." This overlooks the law that "the trier of facts may find [criminal] intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. See Suggested Pattern Jury Instructions, Vol. II, p. 10. Rarely, if ever, is there direct proof of what was in a defendant's mind when he or she committed the act charged as being criminal. The court in this case gave the pattern charge, as well as a further explanation of what is meant by the element of intent and what may be used to prove it. Moreover, defendant was charged as a party to the crimes, and the court so instructed the jury. OCGA §§ 16-2-20; 16-2-21.

3. As to *Croker v. State*, 101 Ga. App. 742, 743 (2) (115 SE2d 413) (1960), the quotation comes from a civil case in the very first volume of this court's reports, *Ga. R. &c. Co. v. Harris*, 1 Ga. App. 714 (57 SE 1076) (1907). *Croker* also cites another civil case (*Camp v. Emory Univ.*, 95 Ga. App. 442 (98 SE2d 66) (1957)), which quotes that first volume civil case and another civil case (*White v. Executive Comm. of Bapt. Convention*, 65 Ga. App. 840, 842 (16 SE2d 605) (1941)). The history of the circumstantial evidence charge used in

criminal cases and found in OCGA § 24-4-6 is substantially set forth in *Roura,* supra.

ANDREWS, Judge, concurring specially.

I concur in the judgment because there was no error in the trial court's failure to charge the law of circumstantial evidence.

In *Mims v. State,* 264 Ga. 271 (443 SE2d 845) (1994), the Supreme Court reiterated the bright-line rule from *Robinson v. State,* 261 Ga. 698 (410 SE2d 116) (1991), with regard to the trial court's duty to charge the jury regarding circumstantial evidence. That rule is that "where the state's case depends, *in whole* or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given *on request.* This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." (Emphasis supplied.) *Robinson,* supra at 699-700.

The Supreme Court's analysis in *Mims* recognized the difficulty of determining whether the evidence a jury will consider in reaching its verdict will be direct or circumstantial. *Mims* stressed the importance of the *Robinson* bright-line test in that it eliminated the speculative procedure of evaluating the significance of the circumstantial evidence to the case.

Here, we are faced with the applicability of the *Robinson* bright-line test in a case which the defendant argues depends wholly on circumstantial evidence and in which no charge on circumstantial evidence was requested. Compare *Barner v. State,* 263 Ga. 365 (1) (434 SE2d 484) (1993). *Robinson* and its progeny have obviated the need for discerning whether the case depends in whole or in part on circumstantial evidence and mandate that in cases which contain circumstantial evidence, *upon request,* the OCGA § 24-4-6 charge must be given. Conversely, there is no requirement that the charge be given absent a request.

As *Mims* demonstrated, *Robinson* intended to eliminate the analysis of whether a case depends in whole or in part on circumstantial evidence. This analysis was eliminated because it is fraught with difficulties. Because of the complexity of determining when a case depends on circumstantial evidence, *Robinson*'s bright-line rule applies even in a case which is *wholly* dependent on circumstantial evidence.

Prior to *Robinson,* the law was that "[a] trial judge, even in the absence of a request, must charge the jury on the law set forth in [OCGA § 24-4-6] in those cases which are *wholly dependent* on circumstantial evidence." (Emphasis supplied.) *Henderson v. State,* 200 Ga. App. 200, 201 (2) (407 SE2d 448) (1991). Because *Robinson* eliminated the analysis of determining which cases are "wholly dependent" on circumstantial evidence, that rule is no longer applicable. By elimi-

nating the procedure of evaluating whether cases depend in whole or in part on circumstantial evidence, *Robinson* implicitly overruled the cases based on this distinction. See *Gentry v. State,* 208 Ga. 370 (2) (66 SE2d 913) (1951); *Campbell v. State,* 202 Ga. 705 (3) (44 SE2d 903) (1947); *Germany v. State,* 235 Ga. 836 (2) (221 SE2d 817) (1976); *Stoker v. State,* 177 Ga. App. 94 (1) (338 SE2d 525) (1985). To the extent that post-*Robinson* cases continue to recognize this distinction, they too should be overruled. See *McChargue v. State,* 209 Ga. App. 612, 613 (434 SE2d 153) (1993).

I am authorized to state that Judge Johnson and Judge Smith join in this special concurrence.

POPE, Chief Judge, concurring in part and dissenting in part.

Where the State's case depends *solely* on circumstantial evidence, a charge based on OCGA § 24-4-6 must be given even if it is not requested by the defendant. *Hamilton v. State,* 96 Ga. 301 (22 SE 528) (1895); see also *Williams v. State,* 239 Ga. 12 (2) (235 SE2d 504) (1977); *Gentry v. State,* 208 Ga. 370 (2) (66 SE2d 913) (1951); *Henderson v. State,* 200 Ga. App. 200 (2) (407 SE2d 448) (1991); *Yarn v. State,* 215 Ga. App. 883 (452 SE2d 537) (1994).

Judge Andrews suggests that *Robinson v. State,* 261 Ga. 698 (410 SE2d 116) (1991) changed this longstanding rule. He notes that *Mims v. State,* 264 Ga. 271 (443 SE2d 845) (1994) reiterates the rule of *Robinson* that " 'where the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request.' " However, he omits the sentence immediately preceding this quote: "In *Robinson v. State,* 261 Ga. 698 (410 SE2d 116) (1991), we intended to establish a bright-line rule with regard to the trial court's duty to charge the jury *in circumstances where the case includes both direct and circumstantial evidence and the defendant has requested a charge on circumstantial evidence.*" (Emphasis supplied.) *Mims,* 264 Ga. at 271.

In both *Robinson* and *Mims* the defendants *did* request the circumstantial evidence charge. That was the only situation before the Court, and that was the only situation addressed in its holding. What we have are two different rules governing two separate situations: one governs when the trial court must instruct the jury on OCGA § 24-4-6 if it is requested, and one governs when it must do so even without a request. If the instruction is requested, it must be given if the State relies to any degree on circumstantial evidence; but if the charge is not requested, it must be given only if the State's case depends solely on circumstantial evidence. As these rules are in no way inconsistent, the Supreme Court's statement of the former rule in no way implicitly overrules the latter. And if the Court had intended to overrule such a longstanding rule, surely it would have done so more clearly.

Notably, this is the first suggestion that a 1991 case changed a rule which comes up fairly frequently. Indeed, we have assumed on several occasions since *Robinson* that the OCGA § 24-4-6 charge must always be given if the case against a defendant is wholly circumstantial. See, e.g., *McGarity v. State*, 212 Ga. App. 17 (3) (440 SE2d 695) (1994); *McChargue v. State*, 209 Ga. App. 612 (434 SE2d 153) (1993); *Jenkins v. State*, 209 Ga. App. 19, 20 (432 SE2d 270) (1993).

With respect to this case, the determinative question is whether the evidence against Stubbs was wholly circumstantial. As Justice Hunt pointed out in his special concurrence in *Mims*, 264 Ga. at 273, n. 5, "direct evidence" is a relative term. Testimony is direct evidence of a given proposition when, if believed, it proves the proposition without further inference; "[d]irect evidence is the testimony given by a witness who has seen or heard the facts to which [he] testifies." Suggested Pattern Jury Instructions, Vol. 2, p. 11; see also Black's Law Dictionary at 413-414 (West 5th ed.); IA Wigmore on Evidence, § 25. "Circumstantial evidence is the proof of facts or circumstances, by direct evidence, from which [jurors] may infer other related . . . facts which are reasonable and justified in the light of [the jurors'] experience." Suggested Pattern Jury Instructions, Vol. 2, p. 12. All testimony is direct evidence of something, but if it is not the testimony of someone present at the time the crime occurred (or at the time an act constituting an element of the crime occurred), it is probably not direct evidence of the defendant's guilt.

Here, the officer actually observed defendant's possession of the metal bar, and thus was able to provide direct evidence of defendant's guilt of that crime. However, neither the officer nor any other witness saw defendant participating in the burglary; the evidence against him on this charge was wholly circumstantial, as his guilt of burglary could only be inferred from various circumstances which the officer did see and relate to the jury. Accordingly, defendant's conviction for possessing tools for the commission of a crime should be affirmed, but his conviction for burglary should be reversed.

In my opinion, the legislature, judiciary and bar should seriously consider abolishing the distinction in treatment between direct and indirect or circumstantial evidence. This case is a perfect example of the fact that almost no one — not judges, not lawyers, and certainly not jurors — understands the distinction between direct and circumstantial evidence. And the distinction should not matter. As I used to instruct juries when I was a trial judge, "No greater degree of mental conviction is required to base a conviction on circumstantial evidence than on direct evidence": the State has the burden of proving its case beyond a reasonable doubt, regardless of the type of evidence it uses. See *White v. State*, 210 Ga. 708 (1) (82 SE2d 498) (1954). I do not believe the instruction based on OCGA § 24-4-6 adds to that burden

or helps to clarify it for the jury. "Instructions to the jurors seeking to differentiate between 'direct' and 'circumstantial' lines of proof are not helpful." I Weinstein's Evidence, § 401 [09] at p. 401-64; see also *Roura v. State*, 214 Ga. App. 43, 52 (447 SE2d 52) (1994). I therefore suggest we consider eliminating such instructions, as the federal courts have done. See I Federal Jury Practice & Instructions, § 12.04, pp. 337-344 (4th ed.).

In the meantime, however, the rules we have should be correctly applied. And in this case, that means defendant's conviction for possession of tools for committing a crime should be affirmed and his conviction for burglary should be reversed.

I am authorized to state that Presiding Judge McMurray and Judge Blackburn join in this opinion.

RUFFIN, Judge, dissenting.

I respectfully dissent because I believe both convictions should be reversed. In *McChargue v. State*, 209 Ga. App. 612 (434 SE2d 153) (1993) we held that "a trial judge, even in the absence of a request, must charge the jury on the law set forth in OCGA § 24-4-6 in those cases, which are wholly dependent on circumstantial evidence." (Citations and punctuation omitted.) Id. at 613. In contrast to Judge Andrews's opinion, I do not believe *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991) changes the rule in *McChargue*. I agree with Chief Judge Pope, Presiding Judge McMurray and Judge Blackburn that because the evidence that Stubbs burglarized the furniture store was circumstantial, he was entitled to the charge even in the absence of a request.

I also believe the conviction of possession of tools for commission of a crime should be reversed given OCGA § 16-7-20's requirement that the State present direct evidence of the *intent* to use the tools in the commission of a crime. In *Hogan v. Atkins*, 224 Ga. 358, 359 (162 SE2d 395) (1968) our Supreme Court held that "[v]ery clearly, [OCGA § 16-7-20] requires two elements for conviction, viz.: (1) possession of the tools and implements and (2) *intent* to use these tools and implements in the commission of a crime . . . *proof* of both of these elements [is] *essential* to a conviction." (Emphasis supplied.) Id. Here, the State's evidence of Stubbs's requisite intent to use the metal bar in the commission of a crime was entirely circumstantial. Furthermore, Stubbs offered a reasonable hypothesis for his possession of the metal bar which the jury could have determined was less probable than the State's conclusion. He was therefore entitled to have the jury consider his explanation under proper instructions, regardless of whether requested, as the evidence was entirely circumstantial. Cf. *Langston v. State*, 208 Ga. App. 175, 178 (430 SE2d 365) (1993) (failure to give charge not reversible error where no reasonable

hypothesis of innocence was offered and none appeared); *Germany v. State*, 235 Ga. 836 (221 SE2d 817) (1976) (unequivocal identification of the defendant and his car tag left no other hypothesis save the guilt of the defendant).

Moreover, we have held that when the party with the burden of proving intent in these circumstances seeks to carry the burden " 'not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion *but also render less probable all inconsistent conclusions.*' " (Citations omitted; emphasis supplied.) *Croker v. State*, 101 Ga. App. 742, 743 (2) (115 SE2d 413) (1960) (decided under Code Ann. § 26-2701). Significantly, this language is very similar to that of the circumstantial evidence charge. Accordingly, I believe the jury was not adequately instructed that the State's circumstantial evidence of Stubbs's intent to use the metal bar in the commission of a crime should exclude "every other reasonable hypothesis save that of the guilt of the accused" and the conviction on this count should also be reversed.

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994 — ■■■■■■■■

*Lewis R. Lamb*, for appellant.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Gregory W. Edwards, Assistant District Attorneys*, for appellee.