A95A0079. GRIER v. THE STATE.
(458 SE2d 139)

RUFFIN, Judge.

Vanessa Grier appeals from her conviction of possession of co-

caine in violation of the Georgia Controlled Substances Act.

The record shows that Grier was visiting her boyfriend, Rodney Benton, at the Newton County Detention Center and brought a package containing toiletries for his cellmate, Larry Baines. An officer inspected the package and found a straw containing what was later identified as cocaine embedded in a tube of toothpaste. Grier was thereafter arrested.

At trial, Grier maintained that she did not know the toothpaste tube contained cocaine. She testified that Baines had called and asked her to bring him certain toiletries and that later that night she found a paper bag containing the toothpaste on her sofa. Grier stated she did not know who put the bag on her sofa; that it was during the summer when she left her door wide open; and that anyone could have come in the door and placed it there.

1. Grier contends the trial court erred in refusing to charge the jury on circumstantial evidence pursuant to OCGA § 24-4-6. Grier argues that since the State relied on circumstantial evidence to prove she knew the toothpaste tube contained cocaine and she requested the charge, the court was required to give it. Under *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994), trial courts are required to charge the principles under OCGA § 24-4-6 "in circumstances where the case includes both direct and circumstantial evidence and the defendant has requested a charge on circumstantial evidence." Id.

While we agree with Grier that her alleged lack of intent formed a major part of her defense and that the State relied on circumstantial evidence in proving intent, we do not agree that she properly requested the court to charge the jury under OCGA § 24-4-6. Rather, Grier requested that the court give a "two theories" charge, which "did not constitute a request for a charge on circumstantial evidence. . . ." *Kelly v. State*, 212 Ga. App. 278, 282 (2) (442 SE2d 462) (1994). See also *Roura v. State*, 214 Ga. App. 43 (2) (447 SE2d 52) (1994).

Furthermore, the court instructed the jury concerning the differences between direct and circumstantial evidence and further charged that "[t]he comparative weight of circumstantial evidence and direct evidence on any given issue is a question of fact for the jury to decide." In light of the conflict and confusion among both trial and appellate courts as to what constitutes direct or circumstantial evidence in any given case, as well as when a charge on circumstantial evidence is required, and the further difficulty juries surely must face in understanding the language in OCGA § 24-4-6, we believe the instructions given in this case clearly informed the jury on how it should consider circumstantial evidence and that such a charge should be given in all cases where the major or sole defense is dependent on circumstantial evidence, even in the absence of a request. Although the law does not

currently require such a charge, as our Supreme Court noted in *Mims,* "[v]irtually every case contains some circumstantial evidence. . . . The charge is a fundamental principle of law as to criminal guilt and there is no reason not to give it; the state is not harmed by it and has no right to have it omitted." (Citation and punctuation omitted.) *Mims,* supra at 272, n. 2.

While the court in *Mims* considered a charge on circumstantial evidence under the language of OCGA § 24-4-6, such language likely only confuses the average juror and should be abolished. See *Roura,* supra. Nonetheless, as the court stated in *Mims,* charges concerning circumstantial evidence do address fundamental principles of law, and there is no reason not to give them. Accordingly, while we do not believe the language of OCGA § 24-4-6 should be required or even given in all cases where the major or sole defense is dependent on circumstantial evidence, we do believe that a charge which in a *comprehendible* manner explains to a jury how it should consider circumstantial evidence should be required in all such cases.

To the trial judge's credit in this case, he instructed the jury on how to consider circumstantial evidence, even though he was not required to do so. Although we believe these instructions properly charged the jury on circumstantial evidence, under existing precedent if Grier wanted a further instruction under OCGA § 24-4-6, she was required to request it, which she clearly did not do. Since a proper request was not made, we find no error. See *Kelly,* supra at 282.

2. Grier also contends the trial court erred in failing to grant a mistrial after the State presented evidence of a similar transaction without notice to the defense and in failing to conduct a hearing on the admissibility of the alleged similar transaction. During direct and cross-examination, Grier testified that Benton never asked her to bring drugs to him while he was in jail and that if he did, she would not do so. In rebuttal, the State called Baines who indicated that on a previous occasion Grier had delivered drugs to a man living across the street from the jail who in turn delivered them to Benton. Grier's attorney, without objecting to the rebuttal testimony, proceeded to cross-examine Baines "in an effort to discredit his . . . statement, and later moved for a mistrial. The failure to object or move for a mistrial when the testimony was introduced was a waiver of this claim. [Cits.]" *Ahmed Al-Beti v. State,* 210 Ga. App. 312, 313 (2) (436 SE2d 50) (1993). Moreover, "[t]he rule requiring prior disclosure of the State's intent to introduce evidence of a similar transaction in a criminal trial does not prevent the state from offering such evidence for impeachment purposes. [Cits.]" *Willis v. State,* 193 Ga. App. 659, 661 (4) (388 SE2d 869) (1989). Since a timely objection was not made and the rebuttal testimony was offered to impeach Grier's testimony, we find no error.

*Judgment affirmed. Pope, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur fully in Division 2. With respect to Division 1, I agree that no reversible error occurred. The failure to charge the principle contained in OCGA § 24-4-6 did not constitute such an omission that Grier was deprived of a fair trial. See *Roura v. State*, 214 Ga. App. 43, 47 (2) (b) (2) (447 SE2d 52) (1994); *Stubbs v. State*, 215 Ga. App. 873, 876 (1) (452 SE2d 571) (1994) (Beasley, P. J., concurring specially); *Yarn v. State*, 215 Ga. App. 883, 886 (452 SE2d 537) (1994) (Beasley, P. J., concurring specially).

The court gave the "Direct and Circumstantial Evidence" charge set out in Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2d ed.), pp. 11-12, except the court omitted "or both" from the first paragraph and deleted the fourth paragraph entirely. That fourth paragraph is a verbatim recitation of OCGA § 24-4-6 except the paragraph adds the word "above."

I agree that the court's charge in this case should be given as our opinion urges.

DECIDED MAY 9, 1995.

*J. Ellis Millsaps*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.